**Terrence J. PECK, Plaintiff–Appellant,**

v.

**COMMISSIONER OF the SOCIAL SECURITY ADMINISTRATION, Defendant–Appellee.**

No. 05–16732.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 8, 2007.

Filed Feb. 6, 2008.

John E. Phillips, Esq., Prescott, AZ, for Plaintiff–Appellant.

Michael A. Johns, Esq., Office of the U.S. Attorney, Phoenix, AZ, Kristina Shute, San Francisco, CA, for Defendant–Appellee.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

**AMENDED MEMORANDUM\***

The ALJ's conclusion that Peck does not suffer from a severe mental impairment is supported by substantial evi-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

584

dence on the record as a whole. *See Andrews v. Shalala,* 53 F.3d 1035, 1040 (9th Cir.1995). The ALJ permissibly credited the opinion of one treating physician, Dr. Hortareas, over that of another, Dr. Soscia. Dr. Soscia is an orthopedic surgeon whose treatment focused on an orthopedic problem, and his opinion was based on Peck's subjective descriptions of his symptoms and was provided in a conclusionary check-off form, unsupported by clinical findings. *See Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir.1989). Dr. Hortareas, on the other hand, is a physician who has treated Peck's depression and anxiety with medication for several years, reporting steady improvement. In these circumstances, the ALJ did not err in crediting Dr. Hortareas's opinion over that of Dr. Soscia.

■ The ALJ's conclusion as to Peck's ability to perform his past relevant work is not supported by substantial evidence on the record as a whole. Specifically, the ALJ erred in crediting the opinion of the examining physician, Dr. Barker, over that of Dr. Soscia. *See Magallanes,* 881 F.2d at 751. As the only treating physician, Dr. Soscia's opinion is entitled to "greater weight." *See id.* Dr. Soscia is a board certified orthopedic surgeon, a specialty that bears directly on Peck's particular physical impairments. *See Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir. 2001). The record does not show that Dr. Barker has a relevant specialty. That the ALJ rejected as wrong Dr. Barker's conclusions about Peck's ability to stand and walk casts doubt on Dr. Barker's other opinions, as against those of Peck's treating physician. The opinion of Dr. Kahn, a board certified neurologist who did not examine Peck, is an inadequate basis upon which to reject the treating physician's opinion. *See Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002).

■ Finally, the ALJ's conclusion that Peck's allegations of pain were not credible finds insufficient support in the record. For example, the ALJ found Peck's daily activities inconsistent with his claims of impairment on the basis of the assumption that Peck watched television and used the computer "a little" while sitting. *See Batson v. Comm'r,* 359 F.3d 1190, 1197 (9th Cir.2004). But the record does not show (though the ALJ could have asked) whether Peck watched television from a chair such as one uses in an office, or lying on a sofa or in a recliner, as many people do. His testimony supports that he lies on a couch to watch television. Similarly, the record reveals that no attempt was made to uncover the explanation, if any, for Peck's failure to seek medical treatment with greater frequency or that there was any treatment to be obtained. *See Orn v. Astrue,* 495 F.3d 625, 638 (9th Cir.2007). Due to the absence of "clear and convincing" reasons, the ALJ's rejection of Peck's allegations of physical pain cannot stand. *See Batson,* 359 F.3d at 1196.

REVERSED and REMANDED.

ORDER

The petition for panel rehearing is GRANTED. The memorandum disposition filed on December 7, 2007 is amended. The amended memorandum disposition will be filed concurrently with this order. No further petitions for panel rehearing or rehearing en banc may be filed.